# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

IN THE MATTER OF
MICHAEL C. WILLIAMS                          CRIMINAL NO.: 2:11CR053-WAP-DAS

## **REPORT AND RECOMMENDATION**

This criminal case is before the court *sua sponte* for summary remand. Pursuant to 28 U.S.C. § 1446(c)(4), after a notice of removal of a state criminal prosecution is filed, the district court shall examine the notice of removal "promptly" and "[i]f it appears clearly on the face of the notice and any exhibits annexed thereto that removal shall not be permitted, the court shall make an order for summary remand." The matter has been assigned to the undersigned United States Magistrate Judge for issuance of a report and recommendation.

According to the Notice of Removal (# 1), the underlying criminal complaint for simple assault was filed against Michael C. Williams in the Municipal Court of Bolivar County, Mississippi (Michael C. Williams, Arrest No. 11-000159) on or about February 2, 2011, by Harrison Austin. The Notice states that Williams, postmaster in Greenville, Mississippi, traveled to Cleveland, Mississippi, to assist the officer in charge at that post office. During street supervision of Sherrie Crain on her postal route, Williams was approached by an off-duty mail carrier and co-worker of Crain, Hamilton Austin, "and told that his observation of Crain, if over an hour, would be considered harassment." Williams continued his observation of Crain on her route, however. Sometime thereafter Austin showed up again and, this time, approached Crain's postal vehicle. Williams then exited his vehicle and approached Austin to prevent him from

delaying Crain on her mail route. He told Austin he could not allow him to hold the carrier up in performing her duties. Austin responded with a few choice words and eventually began to video or take pictures of Williams driving behind the carrier. At another stop, Austin showed up again, and Williams dialed 911. Williams reported the incident and on January 29, 2011, filed a criminal complaint against Austin for threatening. However, on February 2, 2011, Austin filed a criminal complaint against Williams for simple assault in which he alleged that Williams poked out his chest and bumped Austin backwards stating, "I'm gonna see what I can do about getting you fired!" Williams was subsequently arrested on the charge and posted bail. The United States Attorney for the Northern District of Mississippi filed the Notice of Removal in this court on April 11, 2011. The Notice states that the defendant is being represented in this court by the Department of Justice "because he had been arrested for simple assault while acting within the scope of his authority."

 Williams relies on 28 U.S.C. § 1442(a) as a basis for removal. Section 1442 provides:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue.

28 U.S.C. § 1442(a)(1).

 The United States Supreme Court has held that § 1442(a) is a "pure jurisdictional statute,

seeking to do nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant." *Mesa v. California,* 489 U.S. 121, 136 (1989). "Section 1442(a), therefore, cannot independently support Art[icle] III 'arising under' jurisdiction. Rather, it is the raising of a federal question in the officer's removal petition that constitutes the federal law under which the action against the officer arises for Art[icle] III purposes." *Id.* at 136-37 (noting that the statute merely eliminates the "well pleaded complaint" rule, permitting the federal question to be raised by the officer's defense).

In the present case, the Notice of Removal states that this case may be removed pursuant to § 1442 because Williams was "acting within the scope of his employment and authority when the alleged assault occurred." Additionally, it states that "[s]treet supervision is both an ordinary and essential task performed by postal management and supervisors in overseeing the performance of its city letter carriers." The Notice further states that "[a] manager or supervisor may accompany the carrier on the street until such time as the manager is satisfied" and that "[n]o advance notice to the carrier is required." However, because Williams has not asserted any type of federal defense to the state criminal prosecution for *simple assault*, this court cannot exercise jurisdiction over this case. *See Mesa*, *supra* (removal was precluded under § 1442(a)(1) where postal service employees who were charged with traffic violations arising out of incidents while they were operating mail trucks failed to raise any colorable claim of official immunity or other federal defense). Therefore, it is recommended that the case be remanded to the Municipal Court of Bolivar County, Mississippi.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event

any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 3rd day of May, 2011.

**/s/ David A. Sanders**
UNITED STATES MAGISTRATE JUDGE